UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SETH FEUER and SUSANN FEUER,

                              Plaintiffs,          **ORDER**
  -against-                                       14-cv-5388 (JFB)(SIL)

CORNERSTONE HOTELS CORP. d/b/a SUN N
SAND HOTEL and OCEAN BREEZE MOTEL,
and NAEEM BUTT, in his individual and
professional capacity,

                             Defendants.
-----------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

Presently before the Court is *pro se* Defendant Naeem Butt's ("Defendant") letter motion seeking an Order compelling Plaintiffs to provide a copy of the transcript of his September 30, 2015 deposition. *See* Docket Entry ("DE") [29]. In opposition, Plaintiffs Seth Feuer and Susann Feuer ("Plaintiffs") argue that Defendant's motion should be denied because: (i) Defendant did not request a copy of the transcript prior to the conclusion of his deposition as required by Fed. R. Civ. P. 30(e); and (ii) even if Defendant did request to review his deposition testimony, Plaintiffs are under no obligation to provide a copy of the transcript. *See* DE [30]. For the reasons set forth herein, Defendant's motion is denied.

    Pursuant to Fed. R. Civ. P. 30:

    On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

        a) to review the transcript or recording; and

1

> b) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1).

Fed. R. Civ. P. 30 further provides that depositions are to be conducted before an officer authorized to administer oaths, and that, "[w]hen paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. P. 30(b)(5)(A), (f)(3). Accordingly, "Rule 30(e) does not require Plaintiffs to provide or pay for transcripts for the deponents." *Payano v. A&S Broadway Produce*, No. 13 Civ. 863, slip op. at 1 (S.D.N.Y. June 24, 2014); *see also Rivera v. DiSabato*, 962 F. Supp. 38, 40 (D.N.J. 1997) ("Absent from Rule 30 is any provision entitling an adverse litigant, even an adverse indigent litigant, to free transcripts of a deposition."); *Kinan v. City of Brockton Mass.*, 112 F.R.D. 206, 207 (D. Mass. 1986) ("[Fed. R. Civ. P. 30(f)] precludes a party from employing the procedures of Rules 34 and 37 . . . to obtain copies of depositions taken in the case from another party who has ordered transcripts and received them upon payment of the applicable fee.").

Based on the foregoing, and even assuming Defendant requested to review his deposition testimony prior to the conclusion of his deposition, Plaintiffs would be under no obligation to provide a copy of the transcript. Rather, Fed. R. Civ. P. 30 contemplates that any such request be made to the officer before whom the deposition was conducted. *See* Fed. R. Civ. P. 30(f)(3). Therefore, Defendant may not compel production of his deposition testimony transcript from Plaintiffs and his motion is denied in its entirety.

Dated: Central Islip, New York
December 2, 2015

**SO ORDERED**

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge