# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 1010 Northern Boulevard |
| --- | --- |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

September 14, 2016

*Via ECF*
The Honorable Joseph F. Bianco
United States District Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Feuer et al. v. Cornerstone Hotels Corp., et al.,*
    *Docket No.: 14-cv-5388 (JFB)(SIL)*

Dear Judge Bianco:

  We represent the Plaintiffs, Seth Feuer and Susann Feuer (collectively as "Plaintiffs"), in this wage and hour action against their former employers, Cornerstone Hotels Corp. ("Cornerstone") and Cornerstone's owner and day-to-day overseer, Naeem Butt ("Defendant" or "Mr. Butt"), for Defendants' violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). As the Court knows, Cornerstone has not retained counsel to represent it and Mr. Butt is proceeding *pro se*. Plaintiffs intend to move for partial summary judgment under Federal Rule of Civil Procedure 56, requesting a finding: (1) of liability against Defendant Butt regarding Plaintiffs' claims for failure to provide wage statements on each payday as required under NYLL § 195(3); (2) of liability against Defendant Butt regarding Plaintiffs' claims for failure to provide wage notices at hire as required under NYLL §195(1); (3) striking Defendant's second and ninth affirmative defenses of good faith; (4) that Defendant Butt is individually liable as an employer under the FLSA and NYLL; and (5) that Defendant Cornerstone is liable as an employer under the FLSA and NYLL. We write to request a pre-motion conference in connection with that motion pursuant to the Court's Individual Rules of Practice in Civil Cases.

*Factual Background*

  Plaintiffs are former employees who worked as caretakers at Cornerstone, which is a year-round motel, located in the Hamptons. Plaintiffs worked for Defendants from May 1, 2014, through on or about September 15, 2014. As caretakers, Mr. Feuer, during the day, performed general maintenance and landscaping work, while Mrs. Feuer performed general housekeeping work, such as room cleaning and laundering. It is undisputed that Defendants compensated Plaintiffs at a flat weekly wage of $250, meant to cover all work completed by both Plaintiffs in a week, regardless of their actual hours worked. It is undisputed that Plaintiffs had no set work

1

schedule. It is also undisputed that Defendants failed to maintain or furnish Plaintiffs with any wage statements on each payday, instead paying them in cash. Additionally, it is undisputed that the Defendants did not provide Plaintiffs with wage notices at the time of their hire.

*Defendants failed to provide Plaintiffs with wage statements and wage notices under the NYLL*

Throughout Plaintiffs' employment, it is undisputed that Defendants failed to provide Plaintiffs with wage statements on each payday and a wage notice at the time of hire pursuant to the NYLL. NYLL §§ 195(1) and (3). Indeed, Defendant Butt admitted that Defendants did not provide Plaintiffs with a wage statement or any written record of wages in Defendants' Responses to Plaintiffs' First Request for Admissions ("Admissions"). Further, Defendant also admitted that Defendants did not provide Plaintiffs with a wage notice at the time of hire in Defendants' Admissions. Therefore, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs in the amount of $100 for each workweek where a wage statement violation occurred, up to a statutory cap of $2,500, and in the amount of fifty dollars for each work week that the wage notice violation occurred, up to a statutory cap of $2,500. While parties dispute the actual length of Plaintiffs' employment, which is relevant to the amount of damages to be assessed for each claim, it is undisputed that Defendants failed to provide Plaintiffs with the required statements and notices. Therefore, Defendants are liable to each Plaintiff on these claims in amounts to be determined at trial.

*Plaintiffs are entitled to summary judgment striking Defendants' good-faith affirmative defenses regarding liquidated damages under the FLSA and NYLL*

Under the FLSA, a plaintiff is entitled to liquidated damages of 100% of the actual damages owed. 29 U.S.C. § 216(b). Under this provision, a court "is generally required to award a plaintiff liquidated damages equal in amount to actual damages." *Barfield v. New York City Health and Hosp. Corp*., 537 F.3d 132, 150 (2d Cir. 2008). While an employer may avoid its obligation to pay liquidated damages by demonstrating that it acted in subjective "good faith" with objectively "reasonable grounds" that its actions were not in violation of the FLSA, the Second Circuit has characterized this burden as "a difficult one" to meet. *Id*. Indeed, to avoid paying liquidated damages under the FLSA, an employer must demonstrate that it "took 'active steps to ascertain the dictates of the FLSA and then act[ed] to comply with them.'" *Id*. (quotation and citation omitted). Reliance on the employer's own judgment is insufficient to satisfy the "active steps" requirement. *Mclean v. Garage Mgmt. Corp*., 2012 WL 1358739, at *5 (S.D.N.Y. Apr. 19, 2012). For claims arising after November 24, 2009, the NYLL standard for liquidated damages follows the FLSA standard and places the burden on the employer to show that it acted in "good faith." NYLL § 663(1).

In their Answer, Defendants pleaded as their second affirmative defense that Plaintiffs are not entitled to liquidated damages because "the actions and conduct of Defendants were at all times, taken in good faith" and as their ninth affirmative defense that "Defendants never willfully or otherwise knowingly violated the FLSA/or New York State Labor Law warranting the imposition of liquidated damages." Plaintiffs are entitled to summary judgment striking these affirmative defenses because Defendant Butt's own testimony establishes that he did not consult with the Department of Labor or otherwise take any "active steps" to determine the law's obligations or seek to comply with the statutes. Moreover, Defendants cannot claim that they were not knowledgeable about their obligations under the FLSA and NYLL as Defendant Butt testified both in his deposition and on the record during multiple court conferences that he has

either managed, owned, or otherwise engaged in the hospitality industry for at least the past three decades, therefore ensuring more than a passing familiarity with an employer's duty to pay proper wages.  Thus, there is no genuine issue of material fact that Defendants failed to act with a good faith belief that their actions were lawful with respect to the FLSA and NYLL's wage provisions and thus, the Court should strike their second and ninth affirmative defenses from their Answer.

### *Defendant Butt is liable as an employer under the FLSA and NYLL*

Plaintiffs seek a finding that Defendant Butt was their employer and is personally liable within the meaning of the FLSA and NYLL.  The NYLL's definition of an employer mirrors that of the FLSA.  NYLL §§ 190(3), 651(6); *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342 n.25 (S.D.N.Y. 2005).  An "employer" under the FLSA, and thus the NYLL, includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  An individual is an employer if that person "possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case." This "economic reality" test applies liability to employers who "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.*; *see Irizarry v. Catsimatidis*, 722 F.3d 99, 105-106, 109-110, 114-115 (2d Cir. 2013); *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999).

Here, Defendant Butt, in deposition testimony, admitted that he had the exclusive authority to hire and fire employees, set Plaintiffs' work schedules, determine Plaintiffs' pay, and dictate Plaintiffs' work duties.  Additionally, Defendant Butt owns, manages, and is an officer and sole shareholder of the corporate defendant.  Furthermore, Defendant Butt, in his capacity as the owner, officer, and sole shareholder of the corporate defendant, chose to withdraw the third affirmative defense that Defendants were not Plaintiffs' employer in his responses to Plaintiff's First Set of Interrogatories ("Responses to Interrogatories"), noting that Defendants were "not persuing [sic] the defense" as it was an "unintentionaly [sic] and mistakingly [sic] error was made by my former attorney."  But he never sought to amend his answer or execute a stipulation withdrawing it.  As such, Defendant Butt constitutes as an "employer" under the FLSA and NYLL and is personally liable for violations of each with respect to Plaintiffs' claims in this lawsuit.

### *Defendant Cornerstone is an employer under the FLSA and NYLL*

Similarly, Plaintiffs seek a finding that Defendant Cornerstone is an employer under the FLSA and NYLL.  Under the FLSA, an employer is a covered enterprise if the employer engages in interstate commerce or if its employees engage in interstate commerce. 29 U.S.C. § 207(a)(1). An employer is a covered enterprise under the FLSA if its "annual gross volume of sales made or business done is not less than $500,000" and it "has employees engaged in commerce or . . . [the] handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A). An employer is also subject to the FLSA where its employees work "'in the channels' of 'interstate or foreign commerce,' or 'in activities so closely related to this commerce, as to be considered a part of it,' *e.g.,* 'regular use of the mails, telephone or telegraph for *interstate* communication.'" *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 354 (E.D.N.Y. 2015) (quoting 29 C.F.R. § 779.103) (internal brackets omitted).  Here, Defendant Cornerstone, appearing through counsel in the Answer,

3

admitted that it was an employer under the FLSA and NYLL as its annual business "exceeds $500,000," it "engages in interstate commerce by operating a motel that advertises nationally, is open to the general public, and obtains supplies and services from out-of-state," and its "employees, including Plaintiffs, are individually engaged in interstate commerce by handling goods that were moved in interstate commerce and service guests who reside out-of-state" as alleged in the complaint.  Defendant Butt, as owner, officer, and sole shareholder of the corporate defendant, further confirmed its status as an employer under the FLSA and NYLL, in his responses to Plaintiffs' First Request for the Production of Documents where he declined to produce documents demonstrating the Defendants' annual gross sales because "corporate defendant has admitted to FLSA jurisdiction."  Furthermore, as discussed above, Defendant Butt also withdrew the third affirmative defense that Defendants were not Plaintiffs' employers in the Defendants' Responses to Interrogatories.  As such, Defendant Cornerstone is a covered enterprise and constitutes as an employer under the FLSA and NYLL.

       Accordingly, we respectfully request that the Court grant Plaintiffs permission to file a partial summary-judgment motion on these issues.  We thank the Court for its time and attention to this matter.

                                                      Respectfully submitted,

                                                       /s/ Dong Phuong V. Nguyen
                                                      Dong Phuong V. Nguyen, Esq.
                                                             *For the Firm*

To:      *Via First Class Mail and Electronic Mail*
          Naeem Butt
          52 Longview Road
          Southhampton, New York 11968
          naeemwbutt@hotmail.com