UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SETH FEUER and SUSANN FEUER,                    Docket No.: 14-cv-5388 (JFB) (SIL)

                                Plaintiffs,

    -against-

CORNERSTONE HOTELS CORP. d/b/a SUN N SAND
HOTEL and OCEAN BREEZE MOTEL, and
NAEEM BUTT in his individual and professional capacity,

                                Defendants.
-------------------------------------------------------------------------X


# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
# MOTION FOR PARTIAL SUMMARY JUDGMENT

Dong Phuong V. Nguyen, Esq. (DN 7326)
Alexander T. Coleman, Esq. (AC 8151)
Michael J. Borrelli, Esq. (MB 8533)
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
(516) 248-5550

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**………………………………………………………………...ii

    I.    **PRELIMINARY STATEMENT**……………………………………...............2

    II.    **BACKGROUND FACTS**……………………………………………..…....3

    III.    **RELEVANT PROCEDURAL HISTORY**…………….……………..………..3

    IV.    **STANDARD REVIEW**……………......................................................................4

    V.    **ARGUMENT**………………………………………………….……………..5

        a.    **The Court Should Determine That Defendant Cornerstone was a Covered Enterprise and Plaintiffs' "Employer" Under the FLSA and NYLL**……………………………………….……………...5

        b.    **The Court Should Determine That Defendant Butt was an "Employer" Under the FLSA and NYLL and is thus Individually Liable**………………………………….……………..…………6

        c.    **Defendants Are Liable to Plaintiffs for Failing to Provide Wage Notices and Wage Statements in Violation of NYLL 195(1) and (3), Respectively** …………………...…….8

        d.    **Plaintiff Are Entitled to an Order That Defendants Cannot Sustain Their Second and Ninth Affirmative Defenses as a Matter of Law**……………………………………………….9

    VI.    **CONCLUSION**……………………………….................................................14

**TABLE OF AUTHORITIES**

**Case Law**

Ackerson v. City of White Plains,
702 F.3d 15 (2d Cir. 2012),477 U.S. 242 (1986)........................................................................ 2

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986)..................................................................................................................... 4

Barfield v. New York City Health and Hosp. Corp.,
537 F.3d 132 (2d Cir. 2008)...................................................................................................... 10

Brock v. Wilamowsky,
833 F.2d 11 (2d Cir. 1987)................................................................................................. 10 &11

Brooks v. Miles,
210 F. Supp. 2d 290 (S.D.N.Y. 2001)......................................................................................... 4

Celotex Corp. v. Catrett,
477 U.S. 317 (1986)..................................................................................................................... 4

Drug Mart Pharmacy Corp. v. Am. Home Prod. Corp.,
472 F. Supp. 2d 385 (E.D.N.Y. 2007) ........................................................................................ 4

Eschmann v. White Plains Crane Serv., Inc.,
2014 WL 1224247 (E.D.N.Y. Mar. 24, 2014).......................................................................... 12

Ethelberth v. Choice Sec. Co.,
91 F. Supp. 3d 339 (E.D.N.Y. 2015) .......................................................................................... 5

FDIC v. Giammettei,
34 F.3d 51 (2d Cir. 1994)............................................................................................................ 4

Gayle v. Harry's Nurses Registry, Inc.,
2012 WL 4174401 (E.D.N.Y. Sept. 18, 2012) ......................................................................... 10

Grabois v. Jones,
89 F.3d 97 (2d Cir. 1996)............................................................................................................ 4

## TABLE OF AUTHORITIES
### (continued)

Hellmers v. Town of Vestal, N.Y.,
969 F.Supp. 837 (N.D.N.Y. 1997) .................................................................................. 10

Herman v. RSR Sec. Servs. Ltd.,
172 F.3d 132 (2d Cir. 1999) ............................................................................................. 6

Ho v. Sim Enters. Inc.,
2014 WL 1998237 (S.D.N.Y. May 14, 2014) .................................................................. 7

Inclan v. New York Hosp. Grp., Inc.,
95 F. Supp. 3d 490 (S.D.N.Y. 2015) ................................................................................ 7

Irizarry v. Catsimatidis,
722 F.3d 99 (2d Cir. 2013) ............................................................................................... 7

L.B. Foster Co. v. Am. Piles, Inc.,
138 F.3d 81 (2d Cir. 1998) ............................................................................................... 4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986) ......................................................................................................... 4

McLaughlin v. Richland Shoe Co.,
486 U.S. 128 (1988) ....................................................................................................... 11

Mclean v. Garage Mgm't Corp.,
2012 WL 1358739 (S.D.N.Y. Apr. 19, 2012) ................................................................ 11

Padilla v. Malapaz,
643 F.Supp. 2d 302 (E.D.N.Y. 2009) ............................................................................. 11

Pineda-Herrera v. Da-Ar-Da, Inc.,
2011 WL 2133825 (E.D.N.Y. May 26, 2011) ................................................................ 11

Rosso v. PI Mgmt. Associates, L.L.C.,
2005 WL 3535060 (S.D.N.Y. Dec. 23, 2005) ................................................................ 12

## TABLE OF AUTHORITIES
### (continued)

Santillan v. Henao,
822 F. Supp. 2d 284 (E.D.N.Y. 2011) .................................................................................. 7

Tyo v. Lakeshore Hockey Arena, Inc.,
2013 WL 1560214 (W.D.N.Y. Apr. 11, 2013) ................................................................... 10

Yang v. ACBL Corp.,
427 F. Supp. 2d 327 (S.D.N.Y. 2005) .................................................................................. 7

Young v. Cooper Cameron Corp.,
586 F.3d 201 (2d Cir. 2009) ............................................................................................... 11

Yuquilema v. Manhattan's Hero Corp.,
2014 WL 4207106 (S.D.N.Y. Aug. 20, 2014) ..................................................................... 8

Zhen Ming Chen v. New Fresco Tortillas Taco LLC,
2015 WL 5710320 (S.D.N.Y. Sept. 25, 2015) ...................................................................... 9

**Statutes**

20 U.S.C. § 255(a) .................................................................................................................... 11

29 C.F.R. § 779.103 .................................................................................................................... 5

29 U.S.C. § 203(d). ..................................................................................................................... 6

29 U.S.C. § 203(s)(1)(A) ............................................................................................................ 5

29 U.S.C. § 216(b) .................................................................................................................... 10

FLSA ................................................................................................................................... passim

N.Y. Laws ch. 537, § 2 ............................................................................................................... 8

NYLL .................................................................................................................................. passim

# **TABLE OF AUTHORITIES**
(continued)

**Rules**

Fed. R. Civ. P. 56 ................................................................................................................. 2 & 4

Case 2:14-cv-05388-JFB-SIL   Document 56   Filed 10/17/16   Page 7 of 19 PageID #: 333

## I.     PRELIMINARY STATEMENT

In this wage and hour action brought for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Plaintiffs, Seth Feuer and Susann Feuer (collectively as "Plaintiffs"), bring the foregoing motion for partial summary judgment pursuant to Fed. R. Civ. P. 56[1] ("motion"), requesting that the Court grant summary judgment against Defendants, Cornerstone Hotels Corp. d/b/a Sun N Sand Hotel and Ocean Breeze Motel ("Cornerstone" or "motel"), and Naeem Butt ("Butt") in his individual capacity, (collectively, where appropriate, as "Defendants"), and enter an Order: (1) finding that Defendant Cornerstone is a covered employer under the FLSA and Plaintiffs' employer under the FLSA and NYLL; (2) finding that Defendant Butt is individually liable as an employer under the FLSA and NYLL; (3) finding that Defendants are liable for failing to provide wage notices at hire to Plaintiffs as required under NYLL 195(1); (4) finding that Defendants are liable for failing to provide wage statements to Plaintiffs on each payday as required under NYLL 195(3); and (5) striking Defendants' second and ninth affirmative defenses of purported good faith compliance with those statutes and alleged lack of willfulness.

The undisputed facts at this juncture clearly establish Plaintiffs' entitlement to rulings in their favor on these issues as a matter of law.  Plaintiffs worked as non-exempt employees at the motel from on or about May 1, 2014 to on or about September 8, 2014.  It is undisputed that both Defendant Cornerstone and Defendant Butt were Plaintiffs' employers under the FLSA and

---

[1] Federal Rule of Civil Procedure 56(c) authorizes courts to grant partial summary judgment on liability. See, e.g., Ackerson v. City of White Plains, 702 F.3d 15, 22 (2d Cir. 2012), as amended (Dec. 4, 2012) (case "remanded with instructions to grant [Plaintiff's] motion for partial summary judgment on liability").

NYLL.  It is also undisputed that Defendants failed to provide them with wage notices at the time of hire and with wage statements on each payday, as the NYLL requires.  It is further undisputed that Defendants lack evidence of any attempts that they made to comply with the FLSA and NYLL in good faith.  Moreover, the issue of whether Defendants' conduct was willful has no relevance to this case.

## II. BACKGROUND FACTS

For a recitation of all facts relevant to this motion described in narrative fashion, Plaintiffs respectfully refer the Court to Plaintiffs' Rule 56.1 Statement of Undisputed Material Facts ("SOF"), filed contemporaneously herewith.

## III. RELEVANT PROCEDURAL HISTORY

On September 15, 2014, Plaintiffs commenced this action against Defendants for violations of the overtime and minimum wage provisions of the FLSA and NYLL, the spread of hours provisions of the NYLL, and the wage notice and wage statement provisions of the NYLL. Dkt. No. 1, Exhibit 10 to Declaration of Dong Phuong V. Nguyen ("Nguyen Decl."), ("Complaint").  On November 26, 2014, Defendants, while represented by counsel, filed an Answer to the Complaint. Dkt. No. 11, Exhibit 2 to Nguyen Decl., ("Answer").  On March 12, 2015, counsel for Defendants moved to withdraw, Dkt. No. 18, a motion which the court granted on March 16, 2015.[2]  To date, Defendant Cornerstone has not obtained replacement counsel and Defendant Butt has continued to appear as *pro se* defendant. Dkt. No. 22.

---

[2] On April 20, 2015, after expiration of a thirty day stay of discovery to allow Defendants to obtain new counsel, at the end of which, Defendants had not, Magistrate Judge Steven I. Locke instructed that the case proceed and that Defendant Cornerstone's failure to comply with the Court's order to appear through counsel "may result in the Court permitting Plaintiffs to proceed with a motion for a default judgment against it at the appropriate time." Dkt. No. 21.

3

## IV. STANDARD OF REVIEW

A party may move for summary judgment as to any claim or defense, or part of any claim or defense, upon a showing that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "One of the principle purposes of summary judgment is to isolate and dispose of factually unsupported claims *or defenses*." Drug Mart Pharmacy Corp. v. Am. Home Prod. Corp., 472 F. Supp. 2d 385, 393 (E.D.N.Y. 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)) (emphasis added). "As an initial matter, 'the moving party bears the burden of establishing the absence of any genuine issue.'" Id. at 393-394 (quoting Grabois v. Jones, 89 F.3d 97, 99-100 (2d Cir. 1996); and citing FDIC v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994)). Of course, "[t]he court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In opposition, "the non-moving party 'must do more than simply show that there is some metaphysical doubt as to material facts.'" Brooks v. Miles, 210 F. Supp. 2d 290, 291 (S.D.N.Y. 2001) (quoting Matsushita Electric Indus. Co., 475 U.S. at 586). Indeed, when a properly supported motion for summary judgment is made, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). The ultimate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

V.  **ARGUMENT**

  A. **THE COURT SHOULD DETERMINE THAT DEFENDANT CORNERSTONE WAS A COVERED ENTERPRISE AND PLAINTIFFS' "EMPLOYER" UNDER THE FLSA AND NYLL**.

First, the Court should determine that Defendant Cornerstone, was at all times, a covered enterprise and Plaintiffs' "employer" under the FLSA and NYLL.

Under the FLSA, an employer is a covered enterprise if its "annual gross volume of sales made or business done is not less than $500,000" and it "has employees engaged in commerce or . . . [the] handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A). An employer, even if not an enterprise, is also subject to the FLSA with respect to individual employees who work "'in the channels' of 'interstate or foreign commerce,' or 'in activities so closely related to this commerce, as to be considered a part of it,' *e.g.,* 'regular use of the mails, telephone or telegraph for *interstate* communication.'" Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339, 354 (E.D.N.Y. 2015) (quoting 29 C.F.R. § 779.103) (internal brackets omitted).

Here, it is undisputed that Defendant Cornerstone is a covered enterprise, and thus an employer under the FLSA. Indeed, Defendant Cornerstone, appearing through counsel, in its Answer admitted that it was an employer under the FLSA and NYLL as its annual business "exceeds $500,000" and that it "engages in interstate commerce by operating a motel that advertises nationally, is open to the general public, and obtains supplies and services from out-of-state." SOF ¶ 8; see Answer, ¶ 13; see also Complaint, ¶ 13. Moreover, it further admitted that its "employees, including Plaintiffs, are individually engaged in interstate commerce by handling goods that were moved in interstate commerce and service guests who reside out-of-

5

state" as alleged in the complaint.[3] Id. Furthermore, Defendant Butt again confirmed that Defendant Cornerstone was a covered enterprise when he withdrew the third affirmative defense that Defendants were not Plaintiffs' employers in the Defendants' Responses to Interrogatories, noting that Defendants were "not persuing [sic] the defense [because] unintentionaly [sic] and mistakingly [sic] error was made by my former attorney." Id.; see Responses to Interrogatories, ¶ 4. As such, there is no dispute of fact that Defendant Cornerstone is a covered enterprise and that Plaintiffs are individually engaged in commerce, both of which are independently sufficient to make Cornerstone subject to the FLSA with respect to Plaintiffs, or that Cornerstone was Plaintiffs' employer under the FLSA and NYLL.

### B. THE COURT SHOULD DETERMINE THAT DEFENDANT BUTT WAS AN "EMPLOYER" UNDER THE FLSA AND NYLL AND IS THUS INDIVIDUALLY LIABLE.

Additionally, the Court should determine that Defendant Butt was, at all times, Plaintiffs' employer, and thus, individually liable for Defendants' failures to comply with the FLSA and NYLL.

An "employer" under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An individual is an employer if that person "possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999). This "economic reality" test applies liability under the FLSA to any person who "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of

---

[3] Defendant Butt, as owner, officer, and sole shareholder of the corporate defendant, further confirmed Defendant Cornerstone's status as an employer under the FLSA and NYLL in his responses to Plaintiffs' First Request for the Production of Documents where he declined to produce documents demonstrating the Defendants' annual gross sales because "corporate defendant has admitted to FLSA jurisdiction." SOF ¶ 8; see Exhibit 7 to Nguyen Decl., ("Responses to Document Requests").

6

payment; and (4) maintained employment records." Id.; see Irizarry v. Catsimatidis, 722 F.3d 99, 105-106, 109-110, 114-115 (2d Cir. 2013). The "economic reality" test, however, is not meant to be an exhaustive list of factors under the FLSA. Instead, the "economic reality" test "encompasses the totality of circumstances, no one [factor] . . . is exclusive. Since economic reality is determined based upon *all* the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." Id. The NYLL's definition of "employer" mirrors that of the FLSA. NYLL 190(3), 651(6); Inclan v. New York Hosp. Grp., Inc., 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015) (holding that "'district courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA'") (quoting Ho v. Sim Enters. Inc., 2014 WL 1998237, at *10 (S.D.N.Y. May 14, 2014); Santillan v. Henao, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011) ("New York's Labor Law is the state analogue to the federal FLSA"); Yang v. ACBL Corp., 427 F. Supp. 2d 327, 342 n.25 (S.D.N.Y. 2005).

Here, it is undisputed that Defendant Butt was Plaintiffs' employer. Indeed, Defendant Butt admits that he is the owner, president, chief executive officer, and main stockholder of Defendant Cornerstone, which operates the motel. SOF ¶¶ 2 and 4. Defendant Butt also admits that he held supervisory powers over Plaintiffs, including having been the one to hire Plaintiffs, that he had the authority to fire Plaintiffs, and that he determined their work duties and schedules and their rates and methods of pay. Id. at ¶¶ 5 -7. In fact, Defendant Butt readily admitted in his deposition, Answer, and Responses to Plaintiffs' First Set of Interrogatories to Defendants that he was Plaintiffs' employer under the FLSA and NYLL. Id. at ¶ 9; see Answer, ¶ 15; Exhibit 8 to Nguyen Decl., ("Responses to Interrogatories"). As such, Defendant Butt constitutes both Plaintiffs' "employer" under the FLSA and NYLL and is thus individual liable to them under

7

both laws.

### C. DEFENDANTS ARE LIABLE TO PLAINTIFFS FOR FAILING TO PROVIDE WAGE NOTICES AND WAGE STATEMENTS IN VIOLATION OF NYLL 195(1) AND (3), RESPECTIVELY.

Third and fourth, the Court should grant summary judgment on the issue of liability for Defendants' failure to provide them with wage notices at the time of hire and wage statements on each payday, as the NYLL requires. Specifically, since April 9, 2011, NYLL 195(1) has provided that every employer shall "provide his . . . employees, in writing in English . . . at the time of hiring . . . a notice containing . . . the . . . rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other [and] allowances, if any, claimed as part of the minimum wage." NYLL 195(1). Similarly, since April 9, 2011, NYLL 195(3) has provided that every employer shall "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof . . . gross wages; deductions; allowances; . . . and net wages." NYLL 195(3). Prior to February 27, 2015, if an employer failed to provide an employee with the required wage notice at the time of hire, the employer was liable to the employee for statutory damages of fifty dollars per workweek up to the statutory cap of $2,500 for each workweek that the violations occurred.[4] NYLL 198(1-b); see Yuquilema v. Manhattan's Hero Corp., 2014 WL 4207106, at *10-11 (S.D.N.Y. Aug. 20, 2014) report and recommendation adopted, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014). Similarly, prior to February 27, 2015, if an employer failed to provide an employee with the required wage statements, the employer was liable to the employee

---

[4] As of February 27, 2015, the amendment of the Wage Theft Prevention Act eliminated the annual notice requirement from NYLL 195(1) and increased the statutory damages for initial wage notice violations to fifty dollars per day, up to a statutory cap of $5,000. See 2014 N.Y. Laws ch. 537, § 2.

8

for statutory damages of $100 for each workweek that the violations occurred up to a total of $2,500.[5] NYLL 198(1-d); see Zhen Ming Chen v. New Fresco Tortillas Taco LLC, 2015 WL 5710320, at *7 (S.D.N.Y. Sept. 25, 2015).

Here, it is undisputed that Defendants failed to properly provide Plaintiffs with wage notices at hire in violation of NYLL 195(1) or with wage statements on each payday in violation of NYLL 195(3). Indeed, Defendant Butt admitted that Defendants never provided Plaintiffs with a wage notice at the time of their hire. Id. at ¶ 13. Defendant Butt further admitted that Defendants never provided Plaintiffs with a wage statement on each payday and instead paid them in cash. SOF ¶¶ 11 and 12. Therefore, Plaintiffs are clearly entitled to statutory damages for Defendants' violations of NYLL 195(1) and (3). However, there is a genuine factual issue over the exact number of weeks that Plaintiffs worked for the Defendants, and thus their exact damages for these claims cannot be determined at this time. As such, the Court should award Plaintiffs judgment as to the Defendants' liability on both of these claims, with the amount of damages with respect to each claim to be determined at trial.

### D. PLAINTIFFS ARE ENTITLED TO AN ORDER THAT DEFENDANTS CANNOT SUSTAIN THEIR SECOND AND NINTH AFFIRMATIVE DEFENSES AS A MATTER OF LAW.

In their Answer and as is relevant to this motion, Defendants assert two affirmative defenses for which they have no evidence to support. First, in their second affirmative defense, Defendants plead that the Plaintiffs are not entitled to liquidated damages because Defendants' actions "were at all times, taken in good faith and for legitimate and lawful business reasons." Second, with their ninth affirmative defense, Defendants maintain that liquidated damages are not warranted as "Defendants never willfully or otherwise knowingly violated" the FLSA and

---

[5] Similarly, that same amendment also increased the statutory damages for wage statement violations under NYLL 195(3) to $250 per day, up to a statutory cap of $5,000. Id.

9

NYLL.

Of course, a defendant seeking to rely on an affirmative defense has the burden of proof with respect to that defense, and must meet that burden by a preponderance of evidence standard. See Brock v. Wilamowsky, 833 F.2d 11, 19 (2d Cir. 1987) ("the employer bears the burden of establishing the defense of good faith"); Tyo v. Lakeshore Hockey Arena, Inc., 2013 WL 1560214, at *4 (W.D.N.Y. Apr. 11, 2013) (finding that "Defendants provided[d] no evidence that they acted in good faith"); Gayle v. Harry's Nurses Registry, Inc., 2012 WL 4174401, at *5 (E.D.N.Y. Sept. 18, 2012), aff'd, 594 F. App'x 714 (2d Cir. 2014) (holding that "to establish good faith, a defendant must produce plain and substantial evidence of at least an honest intention to ascertain what the FLSA requires and to comply with it"); Hellmers v. Town of Vestal, N.Y., 969 F.Supp. 837, 848 (N.D.N.Y. 1997) (finding that defendant did not establish good faith under the FLSA where defendant "had extensive knowledge of the FLSA's requirements, but utterly failed to take the steps necessary to ensure [its] pay practices complied with the Act").

As to why the striking of these defenses is relevant, under the FLSA, a plaintiff is entitled to liquidated damages of one hundred percent of the actual damages owed. 29 U.S.C. § 216(b). Under this provision, a court "is generally required to award a plaintiff liquidated damages equal in amount to actual damages." Barfield v. New York City Health and Hosp. Corp., 537 F.3d 132, 150 (2d Cir. 2008). While an employer may avoid its obligation to pay liquidated damages by demonstrating that it acted in subjective "good faith" with objectively "reasonable grounds" that its actions were not in violation of the FLSA, the Second Circuit has characterized this burden as "a difficult one" to meet." Id. Indeed, to avoid paying liquidated damages under the FLSA, an employer must demonstrate that it "took active steps to ascertain the dictates of the FLSA and

10

then act[ed] to comply with them." Id. Reliance on the employer's own judgment is insufficient as a matter of law to satisfy the "active steps" requirement. Mclean v. Garage Mgm't Corp., 2012 WL 1358739, *5 (S.D.N.Y. Apr. 19, 2012).  With the bar set so high, the Second Circuit has confirmed that "double damages are the norm, single damages the exception." Brock v. Wilamowsky, 833 F.2d 11, 19 (2d Cir. 1987).  The same standard has existed under the NYLL since November 2009, as the employer must pay liquidated damages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL 198, 663; See Pineda-Herrera v. Da-Ar-Da, Inc., 2011 WL 2133825, *4, n.9 (E.D.N.Y. May 26, 2011) ("The state provision has since been amended, effective November 24, 2009, to remove the requirement of willfulness and provide a defense mirroring the good-faith defense available under the FLSA").

As to willfulness, for violations occurring on or after November 24, 2009, willfulness is only relevant to determining the appropriate statute of limitations with respect to the FLSA, as the statute of limitations, which is normally two years, is extended to three years upon a showing that a defendant's lack of compliance with the law was willful. 20 U.S.C. § 255(a); NYLL 663(1); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988) ("Ordinary violations of the FLSA are subject to the general 2-year statute of limitations. To obtain the benefit of the 3-year exception, the Secretary must prove that the employer's conduct was willful"); Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) ("The effect of a willfulness finding is to extend the statute of limitations period from two to three years"); Padilla v. Malapaz, 643 F.Supp. 2d 302, 313 n. 18 (E.D.N.Y. 2009) ("The test for willfulness in the context of liquidated damages under the New York Labor Law parallels that employed in determining willfulness for limitation purposes under the FLSA").

Here, Defendants cannot establish that they acted with good faith, as there is no evidence that they ever took any actions to ensure compliance with the requirements of the FLSA or the NYLL. See Rosso v. PI Mgmt. Associates, L.L.C., 2005 WL 3535060, at *9 (S.D.N.Y. Dec. 23, 2005) (awarding liquidated damages under the FLSA where "there is no evidence that the defendant took steps to ascertain the requirements of FLSA and to comply with them"). Indeed, Defendant Butt admits that he has owned or held supervisory roles in the hotel business since 1991, thus ensuring that through his work, Defendant Butt knew about the wage provisions of the FLSA and NYLL, yet simply chose not to comply with the law. SOF ¶ 14. Also, Defendants admit that they did not seek guidance from any outside entity concerning whether their compensation practices complied with the law, Id. at ¶ 16, that they did not seek the opinion or review from an attorney or any other individual, Id. at ¶ 17, and that they did not seek guidance from the United States Department of Labor, New York Department of Labor, or any similar federal, state, or local agency concerning whether their compensation practices complied with the law. Id. at ¶ 18. Defendants also paid the Plaintiffs in cash. Id. at ¶ 11. Indeed, when asked to provide documents showing what active steps Defendants took to comply with the provisions of the FLSA and NYLL, Defendants were not able to provide even a single piece of evidence. See Responses to Document Requests, ¶¶ 4-12. Thus, there is no genuine issue of material fact regarding the Defendants' failure to act with a good faith belief that their actions were lawful with respect to the FLSA's and the NYLL's wage provisions and therefore, the Court should strike Defendants' second affirmative defenses of good faith and not permit them to put on evidence of either at trial. And with respect to their ninth affirmative defense that they did not act willfully, the issue of willfulness has no relevance to this case, as it is no longer needed to establish liquidated damages under the NYLL, see NYLL 198; Eschmann v. White Plains Crane

12

Serv., Inc., 2014 WL 1224247, at *9 (E.D.N.Y. Mar. 24, 2014) (holding that "plaintiff is automatically entitled to a liquidated damages award . . . accruing after [November 24, 2009], unless defendants prove they acted in good faith"), and as the entirety of Plaintiffs' employment period occurred within two years of the commencement of this action on September 15, 2014. Dkt. No. 1.

## VI.     CONCLUSION

For the reasons set forth above, the Court should grant Plaintiffs' motion for partial summary judgment and enter an Order: (1) finding that Defendant Cornerstone is liable as an employer under the FLSA and is Plaintiffs' employer under the FLSA and NYLL; (2) finding that Defendant Butt is individually liable as an employer under the FLSA and NYLL; (3) finding that Defendants are liable for failing to provide wage notices at hire to Plaintiffs as required under NYLL 195(1); (4) finding that Defendants are liable for failing to provide wage statements to Plaintiffs on each payday as required under NYLL 195(3); and (5) striking Defendants' second and ninth affirmative defenses of their purported good faith efforts to comply with the FLSA and NYLL and their alleged lack of willfulness.

Dated: Great Neck, New York
　　　　October 17, 2016

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BORRELLI & ASSOCIATES, P.L.L.C.
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*
　　　　　　　　　　　　　　　　　　　　1010 Northern Boulevard, Suite 328
　　　　　　　　　　　　　　　　　　　　Great Neck, New York 11021
　　　　　　　　　　　　　　　　　　　　Tel. (516) 248-5550
　　　　　　　　　　　　　　　　　　　　Fax. (516) 248-6027


　　　　　　　　　　　　　　　　　　　　    /s/ Dong Phuong V. Nguyen
　　　　　　　　　　　　　　　　　　　　DONG PHUONG V. NGUYEN (DN 7326)
　　　　　　　　　　　　　　　　　　　　ALEXANDER T. COLEMAN (AC 8151)
　　　　　　　　　　　　　　　　　　　　MICHAEL J. BORRELLI (MB 8533)