

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SETH FEUER and SUSANN FEUER, <br><br> Plaintiff, <br><br> -against- <br><br> CORNERSTONE HOTELS CORP. d/b/a SUN N SAND HOTEL and OCEAN BREEZE HOTEL, and NAEEM BUTT, in his individual and professional capacity, <br><br> Defendants. | MEMORANDUM OF LAW <br><br> Civil No:  14-CV-5388 (JFB)(SIL) |

DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Dated:  December 5, 2016

By: _____
NAEEM BUTT, *PRO SE* *Defendant*

RECEIVED

DEC 0 5 2016

EDNY PRO SE OFFICE

## RESPONSE TO DEFENDANTS' ARGUMENTS

Defendants submit this in response to plaintiffs' memorandum of law. Plaintiffs' action cannot be sustained. Defendant Cornerstone Hotels is not covered under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), nor was Defendant Plaintiffs' "employer" within the meaning of these statutes. Under the FLSA, an employer is a covered enterprise if : (1) its annual gross sales or business done amounts to not less than $500,000, and (2) it has employees engaged in interstate commerce. Defendants have shown that Cornerstone earns less than $500,000 in revenue ^($255,786 to be exact). This is reflected in their Business Tax Returns for 2014. (Please refer to the amended interrogatories and production of documents, in which a complete copy of Cornerstone Hotels' corporate Tax Returns for 2014 is included).

Moreover, defendants have not shown that Cornerstone Hotels engages in interstate commerce. Defendants do not advertise nationally and do not purchase any supplies from out of state. All linens and other supplies are purchased from local stores such as Home Depot, Sam's Club and Walmart. And the plaintiffs were not individually involved in interstate commerce.

Defendants Cornerstone and Butt do not qualify as "employers" under the FLSA because Cornerstone Hotels' gross annual revenue is less than $500,000, $255,786 to be exact and there is no "individual liability" based on plaintiff's duties. Therefore, the Federal claims should be dismissed for lack of jurisdiction, and the individual defendants cannot be liable as an "employer" under the FLSA where there is no jurisdiction.

Further, between May 5, 2014 and September 2, 2014, plaintiffs only worked on a part time basis. They performed odd jobs and their total combined work hours averaged less than twenty (20) hours per week. Thus, Defendants have no liability for overtime pay and this claim should be dismissed.

Defendants have proved (by providing Cornerstone's 2014 corporate tax returns) that they earn less than $500,000 per year in gross sales. ^$255,786 to be exact. Therefore, Cornerstone is not considered an "employer" under the FLSA. There is no federal jurisdiction in this case. The Court should therefore dismiss the case and plaintiffs should pursue relief in state court.

## CONCLUSION:

For the reasons set forth above, the Court should deny Plaintiffs' motion for partial summary judgment. The Court should enter an order holding (1) that Defendant Cornerstone Hotels is not a covered employer under the FLSA, and (2) that Defendant Butt cannot individually liable as an employer under the FLSA. Since there is no federal jurisdiction, the Court should deny Plaintiffs' Motion for partial summary judgment and dismiss the case from federal court for lack of jurisdiction.

Southampton, NY
December 5 2016

Respectfully submitted,

Naeem W. Butt
Cornerstone Hotels
Pro Se Defendant
52 Longview Road
Southampton, NY 11968